BROWN *v.* GRIFFITH, receiver.
McGARRITY & BROWN *v.* GRIFFITH, receiver.

1. An appeal from a justice's court to the superior court does not exist, and therefore cannot be transmitted, until after the law has been complied with by making an affidavit *in forma pauperis* or giving security; and if the magistrate transmits the papers before one or the other has been done, expecting the appellant to give security afterwards, not before him but before the clerk of the superior court, and no security is in fact given until the time for appealing has expired, there is an attempted evasion of the law, and the appeal should be dismissed upon these facts being made to appear to the superior court by parol or any other evidence. The entry of the clerk on the appeal bond as to the date of filing the same in his office will not preclude an inquiry into the real facts, whether the entry be traversed or not. Unless the bond was complete when the clerk received it, he had no legal power to file it.

2. There being no appeal, there was no *supersedeas* or suspension of the prior judgment by the pretended appeal, and consequently an execution issued by the magistrate on the judgment rendered in his court was legal, and an affidavit of illegality thereto was properly overruled.                                  *Judgment affirmed.*

March 26, 1894.  Argued at the last term.

Appeals.  Before Judge JANES.  Haralson superior court.  July term, 1893.

Two cases were heard together by the judge below. One was an appeal from a judgment against Brown in a suit on account in a justice's court; and the other an appeal from a judgment in the justice's court overruling an illegality interposed to arrest a *fi. fa.* issued on the judgment in the first.  The ground of illegality was, that after the judgment in the suit on account was rendered, defendant paid all cost and gave bond as the law required, and the case was appealed to the superior court, which operated as a *supersedeas.*.  In the superior court Griffith offered to show that the security on the appeal bond in the first case did not sign within four days of the date of the judgment.  Appellant objected,

on the grounds that the entry of the clerk, marking the appeal filed within four days, was not traversed and could not then be traversed, a term of the court having intervened; and that the appeal bond appeared to be regular on its face, and appellee could not, after the first term of the appeal, except to the security on the ground that he did not sign in time. The court overruled the objections and admitted the testimony, which showed, that on the rendition of the judgment Brown presented an appeal bond signed by himself as appellant, paid the costs, and, with the consent of the justice, took the bond to have the security sign it and to leave it with the clerk of the superior court. Not finding the clerk, Brown left the bond with the clerk's wife with instruction to have Hutcheson sign it as security and file it. He then saw Hutcheson, who agreed to go to the clerk and sign the bond as security, but failed to do so until after the expiration of four days from the judgment, of which failure Brown was not aware until long afterwards. The justice who rendered the judgment ascertained from the clerk that the security had not signed in ·time, and thereupon issued the *fi. fa.* The date of the bond and of the entry of filing is the same. The name of the security did not appear in the body of the bond. The court dismissed the appeals and overruled the illegality. Brown excepted.

S. L. CRAVEN and ADAMSON & JACKSON, for plaintiff in error. E. S. GRIFFITH and EDWARDS & EDWARDS, *contra.*